**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **MARIO VALENZUELA, FEDERICO** | § | |
| **LEAL, and JORGE RODRIGUEZ, on** | § | |
| **Behalf of Themselves and on Behalf of All** | § | |
| **Others Similarly Situated,** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **V.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **FISHER COMMERCIAL** | § | |
| **CONSTRUCTION, INC., and CHRIS** | § | |
| **FISHER, individually,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

## I.    SUMMARY

1.    Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees.  29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering away the wages rightfully earned by their employees.

2.    Plaintiffs Mario Valenzuela, Federico Leal, and Jorge Rodriguez (hereinafter "Plaintiffs") and the employees they seek to represent ("Class Members") are current or former non-exempt employees of Fisher Commercial Construction, Inc., and Chris Fisher, (hereinafter "Defendants") who worked as manual laborers within the last three (3) years.  Defendants knowingly and deliberately failed to compensate Plaintiffs and Class Members based on the time

and half formula in the FLSA.  Regardless of the amount of time worked in a week, Defendants only compensated their manual laborers straight time for certain hours worked in excess of forty (40) in a week, despite commonly requiring their manual laborers to work well in excess of forty (40) hours a week.

3.    Defendants denied Plaintiffs and Class Members their legal compensation by wrongfully classifying them as independent contractors.

4.    Consequently, Defendants' compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiffs and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

5.    Plaintiffs seek to recover, on behalf of themselves and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

6.    Plaintiffs also pray that the class of similarly situated manual laborers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II.    SUBJECT MATTER JURISDICTION AND VENUE

7.    This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District, including many of the wrongs herein alleged. In particular, Plaintiffs worked on some of the construction projects in this district while employed by Defendant.

9.      Also, venue is proper in this district because Defendants' principal place of business is located in this district, and as such, it is subject to this Court's personal jurisdiction. 28 U.S.C. §§ 1391(b)(1), 1391(c)(2).

10.      Galveston Division is proper because Defendant Fisher Commercial Construction, Inc. issued Plaintiffs' wages, which is the source of the FLSA violation, from Kemah, Texas. *See* Exhibit "A," (examples of Plaintiffs' earning statements issued by Defendants).  Kemah, Texas is in Galveston County, which is located in the Galveston division of the Southern District of Texas.

### III.      PARTIES AND PERSONAL JURISDICTION

11.      Plaintiff Mario Valenzuela is an individual currently residing in Harris County, Texas.  Harris County is one of the counties covered by the Southern District of Texas.  His written consent to this action is attached hereto as Exhibit "B."

12.      Plaintiff Federico Leal is an individual currently residing in Harris County, Texas. Harris County is one of the counties covered by the Southern District of Texas.  His written consent to this action is attached hereto as Exhibit "C."

13.      Plaintiff Jorge Rodriguez is an individual currently residing in Harris County, Texas.  Harris County is one of the counties covered by the Southern District of Texas.  His written consent to this action is attached hereto as Exhibit "D."

14.      The Class Members are all manual laborers employed by Defendants within the last three years who worked more than 40 hours in at least one workweek. *See* Exhibit "A," (examples of Plaintiffs' earning statements issued by Defendants).

15.    Defendant Fisher Commercial Construction, Inc. is a domestic for-profit corporation organized under the laws of Texas.  Defendant may be served process through its registered agent, Christopher Fisher, at 2217 Lake Cove Way, Seabrook, Texas 77586.

16.    Defendant Christopher Fisher is the owner of Fisher Commercial Construction, Inc. and a resident of Texas.  Defendant Fisher may be served with process at his usual place of business, 820 Lawrence Rd., Ste. 122 Kemah, TX 77565.

17.    Defendants are subject to specific personal jurisdiction in this venue in accordance with 28 U.S.C. § 1391(d) because they are residents of Texas and their physical location is in the Galveston Division of the Southern District of Texas.

## IV.    FACTS

18.    Defendant Fisher Commercial Construction, Inc. provides renovation and interior construction services to a wide variety of businesses.  Defendants hire manual laborers to perform tasks including, but not limited to, painting, finishing, dry walling, and wall texturing.

19.    Plaintiffs and Class Members are employed by Defendants as manual laborers who perform services in the categories identified in the preceding paragraph.

20.    Defendants' corporate office is in Kemah, Texas but they serve businesses in cities throughout Texas, including Houston, San Antonio, Beaumont, and Katy.  Additionally, Defendants assign manual laborers to handle jobs in other states as well as Puerto Rico.

21.    Plaintiffs and Class Members regularly work over forty hours a week.  In fact, Plaintiffs regularly work approximately 50 – 70 hours a week, including some Saturdays.

22.    Defendants compensated the manual laborers with "straight time" for all hours worked over forty (40) hours a week.

23.    Defendants assign job duties to Plaintiffs and Class Members every day upon arrival at the work site.  Defendants own and furnish all of the equipment and supplies used by Plaintiffs and Class Members to complete their manual labor tasks at the work sites.

24.    Defendants dispatch manual laborers to its customers' construction sites.  Due to the distance of some of the work sites from the manual laborers' homes, Defendants provide hotel rooms nearby the work site.  Defendants' foremen also drive crews of manual laborers such as Plaintiffs to worksites when the site is out of town.

25.    Defendants classify their manual laborers as independent contractors despite the economic reality that the manual laborers are dependent upon Defendants for their livelihood.  Specifically:

a.    Defendants controlled the manner in which manual labor jobs were performed;

b.    Manual laborers' opportunity for profit and loss are entirely dependent on Defendant, not on their own managerial skill;

c.    Manual laborers have no or little investment in equipment or material;

d.    Manual laborers do not employ subordinate employees;

e.    The work of a manual laborer does not require any specialized skill;

f.    The services rendered by the manual laborers are an integral part of Defendants' business;

g.    Defendants required that the manual laborers wear t-shirts with the company logo;

h.    Defendants' provided them with the tools and equipment to do their job;

i.    Plaintiffs and others work for indefinite periods of time as normal employees do;

j.    Defendants pay Plaintiffs and other do the same work on an hourly basis, not a project basis;

k.    Defendants assigned so many manual laborer jobs to Plaintiffs and Class Members (typically requiring between 55 and 70 hours a week) that, as a practical matter, Plaintiffs and Class Members were prevented from working for any other company.

26.    In addition, manual laborers are required to seek permission from the Defendants before taking any days off.

27.    Moreover, manual laborers were required to report to work by 7:00 a.m. and could not leave the work site until the foreman told them they could leave for the day.

28.    Defendants classify their manual laborers as independent contractors to avoid their obligation to compensate them pursuant to the overtime and minimum wage requirements of the FLSA.  This scheme permitted Defendants to reduce their tax liability, avoid paying worker's compensation insurance, and pass their operational costs to their work force.

29.    Although Plaintiffs and Class Members were routinely required to work in excess of forty (40) hours a week, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) each week.  Instead, regardless of the amount of hours worked, compensation remained tied strictly to the pre-determined hourly rate on a straight time basis.

## V.    FLSA COVERAGE

30.    In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that she/he was engaged in commerce or employed by an enterprise engaged in commerce; (3) that [D]efendant failed to pay her/him overtime/minimum wage; and (4) that she/he is owed the amount claimed by a just and reasonable inference.  *See, e.g., Jones v. Willy, P.C., Civil Action No.* H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) (maximum hours) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

## EMPLOYMENT RELATIONSHIP

31.    Plaintiffs are manual laborers for the Defendants.    At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).  Under the economic dependency test, the Defendants employed Plaintiffs and Class Members.[1] Defendants controlled every aspect of the Plaintiffs' jobs from requiring manual laborers to work at job sites determined by Defendants, requiring manual laborers to work until a foreman said they could stop for the day, and requiring all manual laborers to wear a uniform.   Further, Defendants made substantial investment in the construction business for office space, personnel, and equipment.  Plaintiffs, by comparison, had relatively little if any investment.  Additionally, the opportunity for loss or profit was not in the control of Plaintiffs.  Plaintiffs would have to wait to be assigned jobs by the Defendants and had no control over the volume of jobs assigned to him.  Moreover, little skill, education and experience was needed to be a manual laborer for Defendants.   Plaintiffs simply drove performed the manual labor task assigned to them at a customer's work site.  Finally with regards to the permanency and integral part factors, the Plaintiffs were employed for approximately three years with Defendants, and Defendants' entire business model consisted of working at construction sites.  Plaintiffs and Class Member's jobs formed an integral part of the services offered by Defendants to their customers, namely performing the manual labor services Defendants sells to their customers.

32.    Moreover, Defendant Chris Fisher is the president of Fisher Commercial Construction, Inc.

---

[1] *See*, *Herman v. Express Sixty-Minutes Delivery Serv., Inc.,* 161 F.3d 299, 303 (5th Cir.1998); *Donovan v. Tehco, Inc.,* 642 F.2d 141, 143 (5th Cir.1981); *Usery v. Pilgrim Equip. Co., Inc.,* 527 F.2d 1308, 1312 (5th Cir.1976)); (stating the factors are, (i) the degree of control exercised by the alleged employer, (ii) the relative investments of the alleged employer and employee, (iii) the degree to which the employee's opportunity for profit and loss is determined by the employer, (iv) the skill and initiative required in performing the job, (v) the permanency of the relationship, and (vi) the degree to which the alleged employee's tasks are integral to the employer's business.).

33. Defendant Chris Fisher controlled the nature, pay structure, and employment relationship of the Plaintiffs and Class Members.

34. Further, Defendant Chris Fisher has, at all times relevant to this lawsuit, the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, he is responsible for the day-to-day affairs of the corporation. In particular, he is responsible for determining whether the corporation complied with the FLSA.

35. As the President of Fisher Commercial Construction, Inc., Chris Fisher employed the Plaintiffs and Class Members as manual laborers.

36. As such, pursuant to 29 U.S.C. § 203(d), Defendant Chris Fisher acted directly or indirectly in the interest of Plaintiffs' and Class Members' employment as their employer, which makes him individually liable under the FLSA.

## FLSA INDIVIDUAL COVERAGE

37. At all material times, Plaintiffs were employees who engaged in commerce or in the production of goods for commerce as required by the FLSA. *See*, 29 U.S.C. §§ 206-207.

38. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.*, 2012 WL 4103876 *2 (W.D. Tex. 2012), (*citing Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.*, 603 F.2d 1122, 1124 (5th Cir.1979)).

39.     "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex. 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

40.     Both the individual and enterprise coverage are applicable in this case.

41.     First, with regard to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. § 207(a)(1). "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a 'practical test.'" *Aberle v. Saunders MEP, Inc.*, 2011 WL 2728350, *3 (E.D. Tex. 2011) (*citing Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007)). "Any regular contact, no matter how minimum, will result in coverage under the FLSA. *Id.* (*citing Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1124 (5th Cir. 1979)); (*See also, Sobrinio,* 474 F.3d at 829). "The employee's work must be "entwined with the continuous stream of interstate commerce.'" *Id.* (citing *Marshall,* 603 F.2d at 1125). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id.* (*citing,* 29 C.F.R. 776.10(b)).

42.     Here, Plaintiffs' job duties would consist of manual labor tasks including, but not limited to, painting, finishing, dry walling, and wall texturing.  The Defendants would assign a foreman to drive a crew of manual laborers to the work site out of city and sometimes out of the state and travel on interstate highways.  *See*, *Aberle,* 2011 WL 2728350, *3, (finding for the plaintiff on summary judgment for individual coverage; "the summary judgment evidence establishes that Plaintiff, as a Senior Architect/Project Manager, traveled to different states and conducted business across state lines.").  *See also, Benson v. Universal Ambulance Serv., Inc.,* 675 F.2d 783 (6th Cir. 1982), (upholding a district court's finding that employees of an ambulance company were covered by the FLSA because the employees responded to emergencies "on streets and highways over which flows significant commerce between the states").  Many of the items used in performing the manual labor work have moved through interstate commerce.  These activities are clearly interstate commerce.  The Plaintiffs are engaged in interstate commerce and undoubtedly meet the definition of individual coverage under the FLSA.

**FLSA ENTERPRISE COVERAGE**

43.     "The FLSA also applies to the interstate employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars."  *Aberle,* 2011 WL 2728350, *3, *(citing,* 29 U.S.C. § 203(s)(1)(A)).

44.     At all material times, Defendants has been an enterprise in commerce within the meaning of the FLSA.  29 U.S.C. § 203(r).

45.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA because Defendants have had and continues to have two or more employees engaged in commerce.  29 U.S.C. § 203(s)(1).

46.    Defendants enjoy an annual gross business volume in excess of $500,000 and have likewise done so in the three years prior to the filing of this complaint.

47.    In addition to Plaintiffs, Defendants employs numerous other manual laborers who likewise are engaged in interstate commerce.  These other manual laborers also handle items that have traveled through interstate commerce on a regular basis.  Defendants have two or more employees who interact with banks, customers, and other vendors who reside outside Texas. Defendants employ administrative staff that interacts with vendors outside of Texas on a regular basis.  Defendants' employees communicate with these out-of-state vendors and customers via interstate channels, thereby engaging in interstate commerce.   Defendants represent to the general public on their website that they provide their services in Texas and the Gulf Coast, thereby engaging in interstate commerce.  Defendants accept credit cards from Visa, Master Card, and American Express which operate in multiple states, thereby engaging in interstate commerce.

48.    Here there is enterprise coverage because the Defendants has two or more employees engaged in interstate commerce like the Plaintiffs, and because their annual sales are in excess of $500,000 for the previous three years.

## VI.    COLLECTIVE ACTION ALLEGATIONS

49.    Plaintiffs bring this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as manual laborers within the three (3) years preceding the filing of this Complaint to the present.

50.    Plaintiffs have actual knowledge, through conversations with his fellow manual laborers that a class of similarly situated Class Members exists who have been subjected to the same policies of Defendants with respect to improper classification as independent contractors and Defendants' subsequent failure to furnish overtime compensation.

51.    Class Members are similarly situated to Plaintiffs in that they share the same duties and were victims of the same violations of the FLSA.

52.    Defendants classified their other manual laborers as independent contractors.

53.    Defendants paid their other manual laborers a fee for the services provided the same or similar way they paid Plaintiffs.

54.    Defendants did not pay Plaintiffs overtime pay.

55.    Defendants did not pay its other manual laborers overtime pay.

56.    The experience of Plaintiffs, with respect to their employment classification and pay, is typical of hourly paid manual laborers across Defendants' business.

57.    Defendants' failure to pay overtime and minimum wage at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

58.    The experience of Plaintiffs, with respect to his employment classification and pay, is typical of deliver drivers across Defendants' business.

59.    The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment because regardless of title or deviation in manual labor jobs performed, Defendants universally classified their manual laborers as independent contractors and failed to pay them overtime.

60.    Like Plaintiff, all Class Members are entitled to receive overtime pay.

61.    The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendants' policy of misclassification that caused harm to all Class Members.

62.    The names and addresses of the Class Members are available from Defendants' records.  To the extent required by law, notice will be provided to these individuals by first class mail and email or by the use of techniques and a form of notice similar to those customarily used in representative actions.

63.    Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

64.    Defendants employ at least twenty-five (25) manual laborers they classify as independent contractors.

65.    Defendants employ at least fifty (50) manual laborers they classify as independent contractors.

66.    Defendants employ at least seventy-five (75) manual laborers they classify as independent contractors.

67.    Defendants employ at least one hundred (100) manual laborers they classify as independent contractors.

68.    Defendants employ at least 150 manual laborers they classify as independent contractors.

69.    Defendants employ at least 200 manual laborers they classify as independent contractors.

70.     As such, the class of similarly situated employees is properly defined as follows:

**All current and former manual laborers of Fisher Commercial Construction, Inc. in the three (3) years preceding the filing of this suit up to the date notice of this lawsuit is mailed.**

### VII.    CAUSES OF ACTION

COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

71.     Plaintiffs incorporate the preceding paragraphs by reference.

72.     This count arises from Defendants' violation of the FLSA for their failure to pay Plaintiffs and Class Members overtime based on FLSA's time-and-a-half formula.

73.     For each hour worked in excess of forty (40) each week, Plaintiffs and Class Members were entitled to be paid one and one-half times their regular rate of pay.  29 U.S.C. § 207.

74.     By failing to pay overtime based on that formula, Defendants violated and continues to violate the FLSA.

75.     No exception contained in the FLSA, its implementing regulations, or recognized by any Court of the United States permits an employer in the position of Defendants to skirt their obligation to pay overtime to an employee situated in the position of Plaintiffs and Class Members.

76.     Defendants' failure to pay overtime to Plaintiffs and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA.  As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

## VIII.  WAGE DAMAGES SOUGHT

77.    Plaintiffs and Class Members are entitled to recover their unpaid overtime premiums for all time worked in excess of forty (40) hours in a single week.  29 U.S.C. § 216(b).

78.    Plaintiffs and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.   29 U.S.C. § 216(b).

79.    Plaintiffs and Class Members are also entitled to recover their attorney's fees and costs, as required by the FLSA.  29 U.S.C. § 216(b).

## IX.    JURY DEMAND

80.    Pursuant to his rights under the Constitution of the United States, U.S. CONST. AMEND. VII, and FED R. CIV. P. 38(a), Plaintiffs hereby demands trial by jury.

## X.    PRAYER FOR RELIEF

81.    For these reasons, Plaintiffs respectfully request that judgment be entered in favor of himself and the Class Members awarding them:

a.    Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

b.    An equal amount of their unpaid overtime as liquidated damages, as allowed under the FLSA;

c.    Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

d.    Such other and further relief to which Plaintiffs and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

 KENNEDY HODGES, L.L.P.

By:  /s/ Galvin B. Kennedy
    Galvin B. Kennedy
    gkennedy@kennedyhodges.com
    State Bar No. 00796870
    Federal Bar No. 20791
    711 W. Alabama St.
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFFS AND CLASS MEMBERS

OF COUNSEL:
Beatriz Sosa-Morris
State Bar No. 24076154
Federal Bar No. 1552137
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile:  713-523-1116
Bsosamorris@kennedyhodges.com